Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
Esteban Morales (SBN: 273948)
emorales@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendant
STRYKER CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D. MALAMA CHOCK,<br><br>                    Plaintiff,<br><br>    vs.<br><br>STRYKER CORPORATION, A MICHIGAN CORPORATION; STRYKER ORTHOPAEDICS, AN ENTITY OF UNKNOWN FORM; STRYKER GMBH, A SWISS COMPANY,<br><br>                    Defendants. | Case No. 1:21-CV-00996-DAD-BAK (EPG)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Case Assigned to Honorable Dale A. Drozd<br>Magistrate Judge Erica P. Grosjean<br><br>Complaint Filed:   March 12, 2021<br>Trial Date:             None |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff D. Malama Chock ("Plaintiff") and Defendant Stryker Corporation ("Defendant") (each a "Party" and collectively "the Parties"), by and through their respective undersigned counsel, that in order to facilitate the exchange and limit the use and disclosure of confidential, private and/or proprietary information produced by the Parties, the Parties stipulate to the terms of this Protective Order and submit it to the Court for adoption as an Order.

1.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled

1  to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such
2  material in preparation for and in the conduct of trial, to address their handling at the end of the
3  litigation, and serve the ends of justice, a protective order for such information is justified in this
4  matter.  The Parties acknowledge that this Protective Order does not confer blanket protections on
5  all disclosures or responses to discovery and that the protection it affords from public disclosure
6  and use extends only to the limited information or items that are entitled to confidential treatment
7  under the applicable legal principles.

8        2. The Parties may designate as "Confidential" under the terms of this Stipulated
9  Protective Order those documents, discovery materials, testimony or information to the extent they
10 consist of or include trade secrets, know-how, confidential or proprietary data, or research,
11 development, or commercial information, the disclosure of which is deemed by the designating
12 party to be sensitive, proprietary or trade secret information or which will likely cause harm to the
13 competitive position of the designating party or which will disclose or tend to disclose aspects of
14 technology or equipment that is otherwise not public information, and may include financial
15 information, information relating to ownership or control of any non-public company, and any
16 other information subject to confidentiality limitations protected from disclosure due to applicable
17 state laws, federal laws, or privacy rights ("Confidential Materials").

18       3. With respect to the confidential or trade secret portion of any documents or material,
19 other than deposition transcripts and exhibits, the designating party may designate the portion as
20 "Confidential" by stamping or otherwise clearly marking the protected page, passage, or item as
21 "Confidential" in such a manner that will not interfere with legibility or audibility.

22       4. With respect to deposition transcripts and exhibits, a party may designate on the
23 record that a question calls for confidential discovery material, in which case the text in the
24 transcript where these questions or answers occur shall be specially marked as a separate page
25 stamped "Confidential Information —Subject to Protective Order" by the court reporter. A party
26 may also designate deposition exhibits as "Confidential," and such exhibits should be specially
27 marked "Confidential — Subject to Protective Order" by the court reporter. Such designations may
28

be made either (1) on the record at the time of the deposition, or (2) by writing within 30 days of receipt of the final transcript by counsel for the designating party. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

5. Confidential Materials, including media, will be maintained in confidence by the Parties and used solely for the purposes of this proceeding, and any appeal thereof, and will not be disclosed by the Parties to any person, except to:

a) Counsel of Record for the Parties in this action only, including partners, associates, co-counsel, legal assistants, secretaries, paralegals or other support staff of such counsel assigned to assist counsel;

b) experts, consultants, accountants, and other third parties expressly retained or employed by counsel of record for the Parties to assist in the preparation of this proceeding, whether or not the third party will subsequently testify in the proceeding, provided that the third party has first signed a non-disclosure agreement in the form attached to this Protective Order;

c) Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this Protective Order;

d) court reporters in this proceeding;

e) the court, mediators, and their support personnel; and

f) any other person that the designating party agrees to in writing.

g) Prior to the disclosure of Confidential Material to any person referred to in subparagraphs (b), (c) or (f) of paragraph 5 above, the person shall first be provided by counsel with a copy of this Protective Order and shall sign a non-disclosure agreement in the form attached as Exhibit "A" hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.

6. Any person receiving Confidential Materials will not reveal the materials to, or discuss the materials with, any person who is not entitled to disclosure of the materials under

paragraph 5 above.

7. A party may not file any Confidential Materials in the public record in this action without written permission from the designating party or a court order secured after appropriate notice to all interested persons. Confidential Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue pursuant to Local Rule 141. Confidential Materials may be referred to by the Parties or their counsel of record in any testimony, affidavits, briefs, memoranda of law, or other papers filed in this proceeding, provided that the Court is advised of the confidential nature of the information and the Parties designate that the confidential materials be filed under seal.

8. Production of Confidential Materials does not waive objections by the Parties as to the admissibility of the materials in evidence. No party shall be deemed to have waived its right to seek the admission of these materials into evidence by consenting to this Protective Order.

9. If any Confidential Materials are subpoenaed by any court, regulatory, administrative, or legislative body, or by any person purporting to have authority to subpoena such information (other than a Party to this matter), the parties shall promptly notify the designating party of the pendency of such subpoena or order. In no event shall documents or information designated as "Confidential" be produced prior to the expiration of ten (10) business days following confirmation of receipt of written notice by the designating party. With respect to any subpoena, the designating party shall have the burden and the expense of seeking the protection, if any, in the applicable court. No party will object to the designating party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such protected material for the sole purpose of seeking to prevent or restrict disclosure thereof.

10. Inadvertent production of any document or other information by the Parties during discovery will be without prejudice to any claim that the material is privileged or protected from discovery as work product. The Parties will not be held to have waived any such privileges by inadvertent production. Such document or information will not be subject to production in another proceeding by virtue of the fact that it was inadvertently produced in this proceeding. Additionally,

a designating party may designate a previously produced undesignated document as "Confidential" after it has been produced by advising all other parties in writing. The designated document will thereafter be treated as Confidential Materials. However, no party shall be penalized in any way for disclosing such materials prior to receiving notice from the designating party.

11. If a party believes the designating party has improperly designated material as confidential or improperly redacted material, it may file a motion requesting the Court to remove such designation or redaction. Before filing such a motion, the objecting party shall attempt to resolve the dispute regarding the designation or redaction by serving a written notice to counsel for all interested parties explaining the basis for its belief the designation or redaction was improper and then meeting and conferring with the designating party. On any such motion, the party designating the material as confidential or redacting the material shall have the burden of proving that the material was correctly designated as confidential or properly redacted. Until a dispute is informally resolved or a court order is obtained, the material designated as "Confidential" shall remain confidential pursuant to this Protective Order.

12. Nothing contained herein will be construed or applied to affect the right of any Party to discovery under the applicable rules or to prohibit any Party from seeking such further provisions or relief as it may deem appropriate or desirable regarding the matter of confidentiality of material or this Protective Order.

13. Before receiving any Confidential Materials, any new party to this action must agree to be bound by the terms of this Stipulated Protective Order as if the party had stipulated to it at the time of entry. No newly added party shall have access to any Confidential Materials until the party is subject to the terms of this order.

14. All counsel shall keep all Confidential Materials which are received under this Protective Order within its exclusive possession and control, except as provided in paragraph 5, and shall take reasonable steps to maintain such material in a secure manner. Except as provided in paragraph 5 above, no person shall have access to the foregoing material and information.

15. This order shall survive the termination of this action. Within 30 days of the final

disposition of this action, all Confidential Materials (including any summaries, abstracts, indices, or copies of "Confidential" information) marked as such by any Party shall promptly be returned to the designating party, or at its written request, destroyed. The return or destruction of the material will be certified in writing by the respective Parties' attorneys not more than 30 days after final conclusion of this action. For purposes of this Order, final conclusion shall be taken as the date on which a stipulated dismissal is filed or a final, non-appealable order disposing of this lawsuit is entered.

16. The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

17. Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for confidential discovery material.

The Parties agree and stipulate to the entry of this Order.

Dated:  May 6, 2022

        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

        */s/ Arameh Zargham O'Boyle*
Arameh Zargham O'Boyle
Esteban Morales

Attorneys for Defendant
STRYKER CORPORATION

Dated:  May 6, 2022

LAW OFFICE OF MARK J. LEONARDO

*/s/ Mark J. Leonardo (as authorized on 5/5/22)*
Mark J. Leonardo

Attorneys for Plaintiff
D. MALAMA CHOCK

- 7 -

## [PROPOSED] ORDER

Based upon the stipulation of the Parties, through counsel of record, and good cause appearing, the above Stipulated Protective Order **IS SO ORDERED**.

IT IS SO ORDERED.

Dated:   **May 11, 2022**                                      /s/ Erica P. Grosjean
                                                                              UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D. MALAMA CHOCK,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>STRYKER CORPORATION, A MICHIGAN CORPORATION; STRYKER ORTHOPAEDICS, AN ENTITY OF UNKNOWN FORM; STRYKER GMBH, A SWISS COMPANY,<br><br>　　　　　　　　　Defendants. | Case No. 1:21-CV-00996-DAD-BAK (EPG)<br><br>**EXHIBIT "A" TO STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Case Assigned to Honorable Dale A. Drozd<br>Magistrate Judge Erica P. Grosjean<br><br>Complaint Filed:　March 12, 2021<br>Trial Date:　　　None |

I, _____, acknowledge that I have read in its entirety and understand the Stipulation and Protective Order ("Protective Order") in this action governing the non-disclosure of information designated as Confidential Materials. I agree that I will not disclose such Confidential Materials to anyone except as expressly permitted by the Protective Order and only for purposes of this action, and that at the conclusion of the action I will return all such Confidential Materials to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the above-referenced court, for the purpose of enforcing the terms of this Protective Order, and that my violation of any term of the Protective Order could subject me to punishment for contempt of Court, even if such enforcement occurs after termination of this action.

　　　　Dated this _____ day of _____, 202_.


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Printed Name


　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Signature

- 1 -