UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. MALAMA CHOCK<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, et al.,<br><br>Defendants. | No. 1:21-cv-00996-KES-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE<br><br>Doc. 17 |

This action concerns plaintiff D. Malama Chock's tort claims for strict and negligent products liability against defendant Stryker Corporation ("Stryker"). Chock alleges that Stryker defectively manufactured a Model 427010 compression plate that, in January 2019, was surgically implanted in her right arm. *See generally* Doc. 8 ("FAC"). Chock asserts that the implant ruptured three months later, causing her serious injuries, pain and suffering, and lost earnings. *See generally id.* Before the Court is Chock's motion to strike affirmative defenses in Stryker's amended answer and motion to deem certain allegations by Chock as admitted, filed on September 1, 2021. Doc. 17. Stryker filed an opposition, and Chock filed a reply. Docs. 21, 22. For the reasons explained herein, Chock's motion is granted in part and denied in part.

## I.  Legal Standard

### A.  Motion to Strike

Pursuant to Rule 12(f), the Court may strike from an answer "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense may be insufficient "either as a matter of law or as a matter of pleading." *Dodson v. Strategic Restaurants Acquisition Co.*, 289 F.R.D. 595, 603 (E.D. Cal. 2013). "Legal insufficiency means that the affirmative defense lacks merit 'under any set of facts the defendant might allege.' Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Id.* (internal citations omitted). An affirmative defense must give fair notice of the defense pled. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

In *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015), the Ninth Circuit continued to apply the "fair notice" standard to affirmative defenses. *Id.* at 1019 ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). While *Kohler* did not address any tension with *Twombly* and *Iqbal*'s "plausible on its face" standard for complaints,[1] courts in this district have interpreted *Kohler* as reflecting that *Wyshak*'s "fair notice" standard continues to apply to affirmative defenses. *See Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991–92 (E.D. Cal. 2016) (collecting cases). The Court likewise applies the "fair notice" pleading standard to defendants' affirmative defenses in this case.

"Fair notice . . . requires that the defendant state the nature and grounds of the affirmative defense. Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses." *Id.* at 992 (internal citations omitted). Generally, "simply referring to a doctrine or statute is insufficient to afford fair notice." *Id.*; *see also Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), establishing a "plausible on its face" standard as to allegations of a complaint.

defense or how it applies in [an] action . . ."); *Wyshak*, 607 F.2d at 827 (holding that fair notice standard requires more than a bare recitation of the doctrine at issue). That said, "[f]or well-established [affirmative] defenses, merely naming them may be sufficient." *Springer v. Fair Isaac Corp.*, No. 14-cv-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (denying plaintiff's motion to strike affirmative defenses such as laches, estoppel, and release where the "affirmative defenses [were] stated in a brief manner using general terms.").

### B. Motion to Deem Allegations Admitted

Pursuant to Rule 8(b), "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Rule 8(b)(6) states that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."

## II. Discussion

Chock moves to strike Stryker's first, second, third, fourth, eighth, ninth, and tenth affirmative defenses. Chock also moves to deem certain allegations in her complaint as admitted. The Court addresses each in turn.

### A. First Affirmative Defense: Barred by Statute of Limitations

Stryker's first affirmative defense, that Chock's complaint is barred by all applicable statutes of limitations, is insufficient. Stryker fails to identify the relevant statutes of limitations. *See Crook v. San Bernardino Cnty. Sheriff's Dep't*, No. EDCV 23-02448 JVS (AS), 2024 WL 3469042, at *4 (C.D. Cal. June 13, 2024) (collecting cases striking affirmative defenses that simply state that the action "is barred by the applicable statutes of limitations" without identifying the specific statute"); *see also Wyshak*, 607 F.2d at 827 (statute of limitations adequately pled when amended answer identified specific statute of limitations). Accordingly, Stryker's first affirmative defense is stricken without prejudice.

### B. Second Affirmative Defense: Failure to State a Claim

Stryker's second affirmative defense, that Chock fails to state a claim, is not appropriately alleged as an affirmative defense. "Failure to state a claim is an assertion of a

defect in plaintiffs' prima facie case." *IBEW*, 2014 WL 1245800, at *4; *see also Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.") (quoting *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007)).  Accordingly, Stryker's second affirmative defense is stricken without leave to amend.

### C. Third and Fourth Affirmative Defenses: Mitigation of Damages and Comparative Negligence

Chock argues that Stryker's third and fourth affirmative defenses fail both pleading sufficiency and legal sufficiency.  Stryker's third affirmative defense asserts that Chock "failed to exercise reasonable case and diligence to mitigate damages, if any." Doc. 14 at 7.  Stryker's fourth affirmative defense argues that Chock was comparatively negligent.  *Id.*  While each of these affirmative defenses merely state legal doctrines, they are well-established defenses that do not require additional factual detail.  Moreover, at the pleading stage, it is difficult "to conceive what additional facts could be offered to support Stryker's position." *Springer*, 2015 WL 7188234, at *4; *see id.* ("Such facts should be obtained through the due course of discovery.").  Accordingly, Stryker's third and fourth affirmative defenses are sufficiently pleaded.

The Court must also consider Chock's contention that Stryker's third and fourth affirmative defenses are legally insufficient—that is, whether they lack merit "under any set of facts the defendant might allege." *Dodson*, 289 F.R.D. at 603.  Chock argues that Stryker's third affirmative defense—comparative negligence—and its fourth affirmative defense—duty to mitigate—are legally insufficient because Chock's alleged negligence is not a defense to a strict liability claim. Doc. 17 at 9.  However, in addition to her products liability claim under a theory of strict liability, Chock brings a products liability claim under a theory of negligence.  Doc. 8 at 7; *see Chavez v. Glock, Inc.*, 207 Cal. App. 4th 1283, 1302–05 (2012) (distinguishing the causes of action under California law for both strict product liability and negligent product liability).

Mitigation of damages and comparative negligence are both proper affirmative defenses

4

1    in negligence actions. *See Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993) ("A plaintiff who
2    suffers damage as a result of . . . a tort has a duty to take reasonable steps to mitigate those
3    damages and will not be able to recover for any losses which could have thus been avoided.");
4    *Bruno v. Equifax Info. Servs., LLC*, No. 2:17-0327-WBS-EFB, 2017 WL 2833393, at *3 (E.D.
5    Cal. June 30, 2017) (discussing both mitigation of damages and comparative negligence as
6    proper affirmative defenses in a negligence cause of action). While, in discovery, facts could
7    arise that suggest that Chock could not have mitigated her damages or could not have been
8    comparatively negligent, the Court declines to rule, at the pleading stage, that such a defense
9    fails as a matter of law. *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D.
10   Cal. 1992) ("Motions to strike are generally not granted unless it is clear that the matter to be
11   stricken could have no possible bearing on the subject matter of the litigation."). Accordingly,
12   Chock's motion to strike Stryker's third and fourth affirmative defenses is denied.

13              **D.     Eighth and Ninth Affirmative Defenses: Release and Estoppel**

14        Stryker's eighth affirmative defense asserts that Chock's complaint is "barred by the
15   doctrines of informed consent and release." *Id.* at 8. And its ninth affirmative defense asserts
16   that Chock's complaint is "barred by the equitable doctrine of estoppel." *Id.* Like Stryker's
17   third and fourth affirmative defenses, release and estoppel are well-established affirmative
18   defenses that, at the pleading stage, do not require additional factual detail, to be sufficiently
19   pleaded. *See Springer*, 2015 WL 7188234, at *4 (denying motion to strike release and estoppel
20   defenses which solely stated the legal doctrine). Accordingly, Chock's motion to strike
21   Stryker's eighth and ninth affirmative defenses is denied.

22              **E.     Tenth Affirmative Defense: Reservation of Right to Assert Other Defenses**

23        Stryker's tenth affirmative defense states that it "reserves the right to allege other new
24   matters constituting a defense as may become known through the course of discovery." Doc. 14
25   at 8. "[A] formal 'reservation' of the right to bring further defenses, strictly speaking, serves no
26   purpose because [Stryker] retains the right to add defenses through a properly filed motion to
27   amend." *J & J Sports Prods., Inc. v. Romero*, No. 1:11-cv-1880-AWI-BAM, 2012 WL
28   2317566, at *4 (E.D. Cal. June 18, 2022). Accordingly, Stryker's reservation clause is not a

                                                    5

1  proper affirmative defense and is stricken without leave to amend.

2        **F.**    **Motion to Deem Certain Allegations as Admitted**

3  Chock moves to admit several allegations in her complaint. First, Chock alleges that

4  paragraph two of Stryker's answer, where it admits it "is a Michigan corporation with its

5  principal place of business in Michigan," Doc. 14 ¶ 2, did not adequately address Chock's

6  contention in paragraph two of her first amended complaint, that Stryker "is and *was* a

7  corporation duly organized in the State of Michigan." FAC ¶ 2 (emphasis added); Doc. 17-1 at

8  5. In its opposition, Stryker does not dispute that it has been at all times relevant to the litigation

9  a Michigan corporation. Doc. 21 at 8. Therefore, the Court deems this allegation admitted.

10  Chock also takes issue with Stryker's inclusion at several points in the answer, ¶¶ 27, 28,

11  32, 34, that the identified document "speaks for itself." Chock therefore moves to deem such

12  paragraphs admitted. While such a response, standing alone, does not pass muster under Rule 8,

13  Stryker accompanied each of those responses with an admission of the allegation. *See* Doc. 14

14  ¶¶ 27, 28, 32, 34. The statement that the document "speaks for itself" seems to serve as a

15  conditional admission, admitting that the document exists, but allowing the parties to dispute the

16  contents of the referenced document as the litigation proceeds. Therefore, the response satisfies

17  the requirements of Rule 8(b)(1), and there is no basis to deem the allegations admitted. *See*

18  *Barnes*, 718 F. Supp. 2d at 1175. Accordingly, Chock's motion to deem such allegations

19  admitted is denied.

20  **III.**    **Conclusion and Order**

21  For the reasons explained above:

22  1. Chock's motion to strike, Doc. 17, is GRANTED IN PART and DENIED IN PART

23      as follows:

24        a. Chock's motion to strike Stryker's second and tenth affirmative defenses is

25           GRANTED without leave to amend;

26        b. Chock's motion to strike Stryker's first affirmative defense is GRANTED

27           with leave to amend;

28        c. Chock's motion to strike Stryker's third, fourth, eighth, and ninth affirmative

defenses is DENIED;

2. Chock's motion to deem certain allegations admitted, Doc. 17, is GRANTED IN PART AND DENIED IN PART. It is GRANTED as to Chock's allegation in paragraph two of its first amended complaint, and DENIED as to Chock's allegations in paragraphs twenty-seven, twenty-eight, thirty-two, and thirty-four of the first amended complaint; and

3. Stryker may file an amended answer within thirty days from the date of this Order, repleading Stryker's first affirmative defense (statute of limitations).

IT IS SO ORDERED.

Dated:    June 30, 2025

_____
UNITED STATES DISTRICT JUDGE